## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Todd William Cunningham,

                        Petitioner,       Case No. 24-12415

v.                                    Judith E. Levy
                                    United States District Judge

Kim Cargor,

                        Mag. Judge David R. Grand

                        Respondent.

_____/

## ORDER COMPELLING PRODUCTION OF
## <u>STATE COURT RECORD</u>

Todd William Cunningham ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 13, 2024. Respondent, through the Michigan Attorney General's Office, filed an *ex parte* motion to file two videotaped recordings in the traditional manner. (ECF No. 9.) Respondent sought leave to file as exhibits video recordings that were admitted at Petitioner's trial and played for the jury. (*Id.* at PageID.1618.) These exhibits were: (1) video footage of the victim's statements to police, recorded on Muskegon Heights Police Officer Trevor Durr's bodycam video (admitted at trial as People's Exhibit 12); and (2)

video footage from Petitioner's home surveillance system, along with audio of Petitioner's statements (admitted at trial as People's Exhibit 8). (*Id.*) This Court granted the motion to allow Respondent to file these exhibits in the traditional manner. (ECF No. 10.)

Respondent filed these exhibits in the traditional manner. However, the bodycam videotape provided to the Court involves a different unrelated case out of Kalkaska, Michigan. Respondent did not provide the videotape of the bodycam video of the victim speaking with Muskegon Heights Police Officer Trevor Durr.

The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the Court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers*, 308 F.3d 647, 653–54 (6th Cir. 2002); Rule 5, Rules Governing § 2254 Cases. "When this information is required, it is the State's responsibility to provide it." *Griffin,* 308 F.3d at 654. The general rule is that a district court must review the entire state court trial transcript in federal habeas cases, and "where substantial portions of that transcript were omitted before the District Court, [the] habeas case should be

remanded to the District Court for consideration in light of the full record." *Adams v. Holland*, 330 F.3d 398, 406 (6th Cir. 2003).

Based upon the foregoing, the Court orders Respondent to produce the video of Mark Cheatum speaking with Muskegon Heights Police Officer Trevor Durr within **twenty-one (21) days** of the date of this order or show cause why they are unable to comply with the order. Respondent is permitted to file the video footage in the traditional manner with the Court. (*See* ECF No. 10.)

IT IS SO ORDERED.

Dated: June 10, 2025                          s/Judith E. Levy
Ann Arbor, Michigan                       JUDITH E. LEVY
                                                         United States District Judge


## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 10, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager